UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| PATRICK J. DUFFY )<br>)<br>)<br>Plaintiff, )<br>v. )<br>)<br>ADAM KELLY )<br>)<br>)<br>Defendant ) | CIVIL DOCKET NO:<br><br>1:17-cv-0066<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Patrick J. Duffy brings this negligence action for actual damages against Defendant Adam Kelly because Mr. Duffy was severely injured when he was shot by a firearm owned and maintained by Mr. Kelly. Mr. Kelly violated his duty of care toward Mr. Duffy when he failed to handle his firearm in a reasonable manner, leading to Mr. Duffy suffering a gunshot wound.

## PARTIES AND JURISDICTION

1. Mr. Duffy was, at all relevant times, a resident of Methuen, Massachusetts, with a mailing address of 144 Hampshire Road, Apt. #0, Methuen, Massachusetts 01844.

2. Mr. Kelly was, at all relevant times, a resident of Windham, New Hampshire, with a mailing address of 29 Armstrong Road, Windham, New Hampshire 03087.

3. Plaintiffs allege an amount in controversy in excess of $75,000.00, exclusive of interest and costs.

1

4. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. §1332 because the amount in controversy exceeds $75,000.00 and because there is complete citizenship diversity between Mr. Duffy and Mr. Kelly.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) (2) because Mr. Duffy's injuries occurred in this judicial district.

## FACTUAL BACKGROUND

6. Both parties are veterans of the United States Army and have known each other since 2015.

7. Responding out of concern that Mr. Kelly may be contemplating suicide, Mr. Duffy arrived at Mr. Kelly's residence at 29 Armstrong Road, Windham, New Hampshire around 12:10 AM on July 1, 2015.

8. Mr. Kelly let Mr. Duffy into the house. As Mr. Kelly took a seat on a couch, Mr. Duffy saw an AR-15 rifle propped on the couch next to Mr. Kelly.

9. Mr. Kelly took the firearm and held the barrel underneath his chin. Mr. Duffy sat down on the couch next to Mr. Kelly to try and calm him down. Mr. Duffy asked Mr. Kelly to hand over the firearm to which Mr. Kelly reluctantly did.

10. With apparent reluctance, Mr. Kelly removed the firearm from its position under chin and began to hand the firearm over to Mr. Duffy.

11. Mr. Duffy, still seated, was in a position to receive the firearm from Mr. Kelly.

12. As Mr. Kelly was beginning to hand the firearm over to Mr. Duffy, Mr. Duffy asked Mr. Kelly if he really wanted to throw his life away.

13. During the exchange of the firearm from Mr. Kelly to Mr. Duffy, the firearm discharged and a bullet entered Mr. Duffy's neck and exited his upper back.

## **COUNT I – NEGLIGENCE**

14. The preceding paragraphs are realleged and incorporated herein.

15. As the owner and possessor of a firearm, Mr. Kelly owed a duty to Mr. Duffy to transfer the firearm to him in a reasonable and safe manner, and to otherwise act in a manner consistent with due care.

16. Mr. Kelly breached his duty to Mr. Duffy when Mr. Kelly transferred a loaded firearm to Mr. Duffy, failed to unload the firearm prior to the transfer, failed to engage the firearm's mechanical safety, failed to warn him that the firearm was loaded, failed to warn him that the firearm's mechanical safety was not engaged, and otherwise failed to act in a manner consistent with due care.

17. Mr. Kelly's failure to disarm the firearm or engage the mechanical safety, and his failure to warn Mr. Duffy that that the firearm was loaded and the mechanical safety was not engaged, and his failure to otherwise act with due care under the circumstances, was the proximate cause of Mr. Duffy's injuries.

18. Additionally, Mr. Kelly's actions in contacting Mr. Duffy, threatening to commit suicide, and knowingly allowing his friend to come into his home while he was holding a loaded firearm that did not have the mechanical safety engaged, subjected Mr. Duffy to a unsafe, stressful, and dangerous atmosphere. But for these reckless actions, Mr. Duffy would not have been subjected to these dangers and he would have not sustained the above-mentioned injuries.

19. As a result of Mr. Kelly's failure to act with due care, as described above, Mr. Duffy suffered severe, painful and permanent injuries; incurred significant and

substantial medical care expenses, now and in the future; experienced significant and substantial physical and mental pain and suffering, now and in the future; experienced a loss of enjoyment of life, now and in the future; suffered lost wages and lost earning capacity, now and in the future; and incurred other reasonable expenses occasioned as a result of his injuries.

**WHEREFORE,** the Plaintiff Patrick J. Duffy respectfully requests that this Honorable Court:

A. Grant him a jury trial and an award of damages from the Defendant;

B. Grant him prejudgment interest and all taxable costs; and,

C. Grant him such other and further relief as may be just and equitable.

Dated: February 16, 2017

Respectfully submitted,
Patrick J. Duffy

By and through his attorneys,
*Waystack Frizzell, Trial Lawyers*

By: /s/ Scott J. Whitaker
Scott J. Whitaker, Esquire
N.H. Bar No. 20830
251 Main Street, P.O. Box 137
Colebrook, NH  03576
(603) 237-8322
scott@waystackfrizzell.com

By: /s/ Philip R. Waystack
Philip R. Waystack, Esquire
N.H. Bar No. 2672
251 Main Street, P.O. Box 137
Colebrook, NH  03576
(603) 237-8322
phil@waystackfrizzell.com